## W. B. WRIGHT v. COMMONWEALTH.

**Criminal Law—Homicide—Instruction.**

Where in a homicide there is no express malice proven, and the evidence shows that the killing took place during a fierce quarrel between the accused and the deceased and his brother and brothers-in-law, the accused is entitled to an instruction leaving to the jury the question whether he did the killing maliciously or in sudden heat and passion and without malice.

**Malice.**

Whether malice in a homicide case may be implied by law from a deliberate cruel act depends upon whether the deliberate and cruel act is unlawful and of such a deliberate and cruel nature as to indicate a previous determination to commit the offense charged. An act may have been deliberate and cruel even unto killing, and be excusable by reason of having been done in the necessary self-defense of the accused.

59

## APPEAL FROM CUMBERLAND CRIMINAL COURT.

### June 29, 1878.

OPINION BY JUDGE ELLIOTT:

The appellant was indicted for the murder of William Pierce. The murder is charged to have been committed in 1877. On hearing the appellant was convicted of the offense charged and his punishment fixed at confinement in the penitentiary for and during his natural life, and from the judgment below he has appealed to this court.

The difficulty which resulted in the killing by appellant of William Pierce began by Robert Pierce, the brother of the deceased, calling appellant a moonshiner, which, in popular parlance, we believe meant that he was defrauding the government by the manufacture of whisky without paying the income tax due on it to the government.

Appellant denied the charge made by Pierce, and the two engaged in an angry quarrel, which resulted in Pierce striking the appellant. About this time the appellant backed a few steps and put his hand in his pocket, and shortly thereafter the deceased advanced on him, some say with his hands up and others say with one hand up and the other in his pocket by his side until appellant had backed some distance, when he fired and wounded Pierce, from which he soon after died.

The killing of the deceased seems not to have been denied, but it was contended that appellant was excusable on the ground of self-defense. There can be no doubt but that Robert Pierce was the cause of the commencement of the difficulty, and that appellant's blood had been greatly heated before deceased appeared at all in the quarrel, and it is insisted that from the evidence an instruction on the subject of manslaughter should have been given; or, in other words, the court should have told the jury that, if they believed from the evidence that the prisoner, in sudden heat and passion and without malice and not in his necessary self-defense, shot and killed Pierce, he only incurred the penalty fixed by statute against manslaughter.

As there was no express malice proven, and as the killing took place during a fierce quarrel between appellant and the deceased and his brother and brothers-in-law, we are of the opinion that the appellant was entitled to an instruction leaving to the jury the question

whether he did the killing maliciously or in sudden heat and passion and without malice.

It is also contended by the accused that the third instruction given for the commonwealth is not a correct exposition of the law. By that instruction the jury are told that malice in the legal sense denotes a wrongful act done intentionally without just cause, and is implied by law from any deliberate cruel act committed by one person against another, however suddenly done. According to this instruction if appellant wrongfully had intentionally killed the deceased without just cause he is guilty of murder, although he may have wrongfully and intentionally killed him without just cause, but in sudden heat and passion and from great provocation.

By the second part of this instruction the jury are told that malice is implied by law from any deliberate cruel act. We think it depends upon whether the deliberate and cruel act is unlawful and of such deliberate and cruel nature as to indicate a previous determination to commit the offense charged. In a case like this it is error to instruct the jury that the law implies malice from a deliberate and cruel act; it may have been deliberate and cruel even unto the killing of deceased, and excusable by reason of having been done in the necessary self-defense of the accused.

The best way in such cases is to define what it takes to constitute malice and leave the question of its existence at the time of the killing to the jury. Wherefore the judgment is *reversed* and cause remanded with directions to grant the appellant a new trial and for further proceedings consistent with this opinion.

*Winfrey & Winfrey, J. A. Brents, for appellant.*
*Moss, for appellee.*